1  Alexis E. Danneman (SBA #030478)
   Joshua L. Boehm (SBA #033018)
2  PERKINS COIE LLP
   2901 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012-2788
   Telephone: 602.351.8000
4  Facsimile: 602.648.7000
   ADanneman@perkinscoie.com
5  JBoehm@perkinscoie.com
   DocketPHX@perkinscoie.com
6
   Kevin J. Hamilton (Wash. Bar #15648)
7  KHamilton@perkinscoie.com
   Marc Erik Elias (D.C. Bar #442007)*
8  MElias@perkinscoie.com
   William B. Stafford (Wash. Bar #39849)
9  WStafford@perkinscoie.com
   Sarah Langberg Schirack (Alaska Bar # 1505075)*
10 SSchirack@perkinscoie.com
   Ariel Glickman (Va. Bar #90751)*
11 AGlickman@perkinscoie.com
   PERKINS COIE LLP
12 700 Thirteenth Street, N.W., Suite 800
   Washington, DC 20005
13 Telephone: 202.654.6200
   Facsimile: 202.654.6211
14 *Pro Hac Vice Application To Be Filed

15 Attorneys for Plaintiffs

16                    UNITED STATES DISTRICT COURT

17                          DISTRICT OF ARIZONA

18

19 | The Arizona Democratic Party; The Democratic National Committee; DSCC, | No. CV-20-1143-PHX-DLR |

20 Plaintiffs,                    **PLAINTIFFS' RESPONSE TO THE STATE'S MOTION TO INTERVENE**

21 v.

22 Katie Hobbs, in her official capacity as Arizona Secretary of State; Edison Wauneka, in his official capacity as Apache County Recorder; David Stevens, in his official capacity as Cochise County Recorder; Patty Hansen, in her official capacity as Coconino County Recorder; Sadie Jo Bingham, in her official capacity as Gila County Recorder; Wendy John, in her official capacity as Graham County Recorder; Sharie Milheiro, in her official capacity as Greenlee County Recorder; Richard Garcia, in

Assigned to the Honorable Douglas L. Rayes

| | |
|---|---|
| 1 | his official capacity as La Paz County Recorder; Adrian Fontes, in his official capacity as Maricopa County Recorder; Kristi Blair, in her official capacity as Mohave County Recorder; Michael Sample, in his official capacity as Navajo County Recorder; F. Ann Rodriguez, in her official capacity as Pima County Recorder; Virginia Ross, in her official capacity as Pinal County Recorder; Suzanne Sainz, in her official capacity as Santa Cruz County Recorder; Leslie Hoffman, in her official capacity as Yavapai County Recorder; and Robyn Stallworth Pouquette, in her official capacity as Yuma County Recorder, |
| | Defendants. |

Plaintiffs filed this lawsuit challenging the constitutionality of an election law, A.R.S. § 16-550(A). In challenging this election law, Plaintiffs named the State's Chief Election Officer responsible for enforcing that law and prescribing rules related to it—the Secretary of State—as well as all 15 county recorders, who administer absentee voting at the local level. Nonetheless, the State of Arizona seeks to intervene in this lawsuit on the basis that its interests are not adequately represented by the 16 state and county officials named as defendants. Plaintiffs' concern is that introduction of yet another party in this matter will cause unnecessary delay, complication, and expense. The State has not established that intervention is appropriate under Rule 24. On this record, the Court should deny the motion to intervene.

The State of Arizona has failed to establish that its intervention is as of right under Rule 24(a), or even permitted under Rule 24(b), as Defendants adequately represent the interests the State claims to have in this litigation. In an effort to intervene in a lawsuit in which the State is already represented, the State claims—without any evidence—that the Secretary will not defend the challenged law, and that none of the 15 county recorders will "make all of the arguments that the State intends to." Mot. to Intervene at 5 n.3. Plaintiffs have no factual basis to believe these bald claims are true. Indeed, other than its say so, the

1  State provides no basis for its assertion that the Secretary will not "defend Arizona law
2  fully" in this matter. *Id.* at 4.

3  To be sure, if the Secretary and the county recorder defendants concede what
4  Plaintiffs allege—that the State's failure to provide a cure opportunity for voters who submit
5  ballot envelopes with "missing" signatures is indefensible—Plaintiffs welcome that
6  acknowledgment and would agree that the State's intervention motion could be granted.
7  Otherwise, at this stage, Plaintiffs cannot agree that it is necessary for the State to be
8  represented twice in the same matter, which would unduly burden the Court with
9  duplicative filings, complicate what is otherwise a straightforward case, and delay the
10 resolution of a time-sensitive matter, where the right for Arizona voters to have their ballots
11 counted in the impending general election hangs in the balance.

12 As the State's motion consists of nothing more than speculation that the existing
13 Defendants will not defend this case, the State has failed to satisfy the requirements of either
14 Rule 24(a) or (b). Plaintiffs thus respectfully request that the Court deny the motion.

**ARGUMENT**

**I.      The State has no right to intervene in this action.**

For the State to be entitled to intervention as of right, it must show: (1) its motion was timely; (2) an interest relating to the property or transaction that is the subject of the action; (3) that disposing of the action, as a practical matter, may impair its ability to protect its interest; and (4) its interest is not adequately represented by existing parties to the litigation. Fed. R. Civ. P. 24(a)(2). *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *as amended* (May 13, 2003). "Each of these four requirements must be satisfied to support a right to intervene." *Id.* (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)). "The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted).

Plaintiffs do not dispute that the State's motion was timely or that the State has an interest in this litigation that would be impacted were the action to be resolved. Indeed, that is why Plaintiffs filed suit against the Secretary, the State's Chief Election Officer, who is statutorily empowered to oversee Arizona elections and establish and enforce procedural rules for mail ballots, including the policy prohibiting a cure opportunity for unsigned mail ballots (the "Policy"), *see* A.R.S. §§ 16-142, 16-452. Likewise, Plaintiffs filed suit against the 15 county recorders, who implement and enforce the Policy statewide by not affording voters who submit ballot envelopes without signatures the same opportunity to prove their identity that is afforded to those submitting a ballot envelope with a signature that does not "match" the voter's signature on file.

Plaintiffs disagree, however, that the State needs to be represented twice in the same matter. The State's official responsible for administering and enforcing the challenged law and Policy, and the 15 county officials responsible for administering them at the local level, have already been named. The State has failed to meet its burden to demonstrate that its ability to protect its interests are not adequately represented by the Secretary and county recorders.

**A.     The State has failed to make the "very compelling showing" required to rebut the presumption that the Secretary and county recorders' representation is inadequate.**

"When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises," which can be overcome only by a "compelling showing" that representation is inadequate. *Arakaki*, 324 F.3d at 1086. A separate presumption of adequacy arises when a State official acts on behalf of a constituency that she represents; in that instance, courts will presume that the defendant adequately represents her citizens when the applicant shares the same interest, unless the movant makes a "'*very* compelling showing to the contrary.'" *Id.* (emphasis added) (quoting 7C Wright, Miller & Kane, § 1909, at 332); *United States v. City of Los Angeles*, 288 F.3d 391, 401 (9th Cir. 2002); *PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1212-14

(D. Nev. 2009). "Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." *Arakaki*, 324 F.3d at 1086. Three factors are relevant to this inquiry: (1) whether an existing party will likely make a proposed intervenor's arguments; (2) whether the existing party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Id.*

Although the State tangentially references these elements, it fails to make the necessary "very compelling showing" to overcome the presumption that its interests are adequately represented. In fact, the motion does not mention any arguments that the State would make that the Secretary or county recorders will not, nor does it "offer any necessary element[] to the proceeding that other parties would neglect." *Id.* at 1087. Indeed, it is not at all clear what arguments or evidence the State could produce that is not otherwise available to the existing Defendants—those with enforcement authority over the challenged law and Policy. Instead, the State relies on conjecture in focusing on whether the existing Defendants are capable and willing to make these unknown arguments. The State even acknowledges that it is speculative whether the county recorders would "be able to mount a vigorous defense[,]" failing to provide any facts to support this hypothetical because it cannot. Mot. to Intervene at 5 n.3.

The State applies the same logic in its assessment of the Secretary's defense of this case. It is for this additional reason that Plaintiffs oppose the State's motion. Plaintiffs have no understanding as to the Secretary's ultimate position on the merits of their claims. Nor does the State, as its motion is riddled with pure speculation as to how the Secretary *may* choose to defend this matter. *See id.* at 4–6. To date, the Secretary has made no statement that she will fail to vigorously oppose Plaintiffs' challenges to Arizona law. Indeed, the chief election officer has the "same ultimate objective" of the State she serves. *See Arakaki*, 324 F.3d at 1082. The State would thus have the Court grant it *two* opportunities to defend itself: *two* opportunities to file briefings on the same issues, regardless of how repetitive its

-5-

arguments may be, with *two* different set of attorneys, affording the State an unwarranted proverbial second bite of the apple.

The State's motion, as to the Secretary, appears to rest on the rather startling proposition that the Court can and must assume that the Secretary elected by the people of Arizona does not carry out the State's interest. This assessment appears to be based on the Attorney General's disagreement with certain litigation decisions made by the Secretary in other matters. But "mere differences in litigation strategy are not enough to justify intervention as a matter of right." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009) (citing *City of Los Angeles*, 288 F.3d at 402–03) (internal omissions and alterations omitted). The presumption of adequacy must be overcome by more than just unsupported allegations that neither the Secretary nor county recorders will take the stance the Attorney General desires. *See Wilson*, 131 F.3d at 1307 (upholding denial of intervention where claims of inadequacy of state defendant representation were "purely speculative").

Moreover, the State's characterization of these cases misses the point. In each of the four cases on which the State relies, the Secretary affirmatively stated her position on the underlying legal challenge—an action she has yet to do here. *Miracle v. Hobbs* and *DNC v. Hobbs* are further distinguishable in that the State's motion to intervene was either unopposed, or not filed at the outset of the case after the Secretary had vigorously opposed the challenged provision for years.

For example, in *Miracle v. Hobbs*, No. 19-17513 (9th Cir. 2019), the Secretary disagreed with an argument made in a brief on appeal written by her counsel (The Attorney General's Office). The Secretary received a draft of an Answering Brief the day it was due and discovered that it "contained new arguments and positions she had not previously considered or authorized in filings below." *See Miracle*, ECF No. 35, at 2. On the same day the Secretary requested an extension due to this lack of communication, Mr. Drew C. Ensign, the signatory on the State's motion to intervene, withdrew his representation of the

-6-

1  Secretary and submitted apparently the same brief (or what was undoubtedly very similar,
2  given both the timing of the filing and representations from the Secretary to the court) on
3  behalf of a new and different party, the State. *See Miracle*, ECF No. 37-3. The plaintiffs in
4  *Miracle* did not object to the State's intervention, as it "would run an unacceptable risk of
5  further delay." *See Miracle*, ECF No. 43, at 4. Seeing no objection—a situation not existent
6  here—the court granted the State's motion to intervene. ECF No. 16-1, Ex. G.

7  Likewise, in *DNC v. Hobbs*, 948 F.3d 989 (9th Cir. 2020), the Secretary lost on an
8  appeal before the Ninth Circuit sitting *en banc*. At this point, the State had been litigating
9  the case for four years. Rather, than expend further state resources seeking review before
10 the United States Supreme Court, the Secretary conceded. ECF No. 16-1, Ex. B ("The
11 Secretary recently announced that she will accept this Court's *en banc* ruling and will not
12 appeal this case to the United States Supreme Court."). The State, through the Attorney
13 General, intervened after that determination. Here, the case is at the outset, and the Secretary
14 has made no such announcement.

15 Were the State's request to be upheld, the Attorney General could effectively
16 intervene immediately in any lawsuit filed against the Secretary prior to the Secretary taking
17 any action, adopting any position or even, perhaps, having any opportunity to assess the
18 merits of a newly-presented claim. The likely consequence for Plaintiffs is further delay in
19 time-sensitive litigation, and Plaintiffs caught in the middle of an argument between two
20 state actors about the exercise of their prerogatives.

21 Simply put, absent any evidence the state defendant named will not represent the
22 State's interests in this case, the standard for Rule 24(a) intervention is not met.

23 **II.    Permissive intervention is unwarranted here.**

24 The State's alternative request that the Court grant permissive intervention should
25 similarly be denied. Upon timely motion, an applicant seeking permissive intervention must
26 prove that "it shares a common question of law or fact with the main action" and that "the
27 court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v.*

*Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). But even if the applicant satisfies the threshold requirements, a district court has discretion to deny permissive intervention, *id.*, particularly when the applicant's interests are adequately represented by the existing parties, or when intervention would unduly delay or prejudice the original parties. *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989); Fed. R. Civ. P. 24(b)(1)(B). Moreover, when a proposed intervenor fails to overcome the presumption of adequate representation, "the case for permissive intervention disappears." *One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399 (W.D. Wis. 2015) (quoting *Menominee Indian Tribe of Wis. v. Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996)); *see also Perry*, 587 F.3d at 955 (holding district court properly exercised discretion in denying permissive intervention where movants were adequately represented by existing parties).

As noted above, Plaintiffs have no reason to believe that the Secretary, who enforces the challenged law and Policy, and the county recorders who implement it, will not adequately represent the State's interests. Further, there is no basis for the State's belief that absent its involvement, the Secretary and county recorders will prove unable to coordinate. *See* Mot. to Intervene at 8. Given that they enforce Arizona's election system, Plaintiffs imagine that the Secretary and county recorders coordinate frequently in the ordinary course of their jobs. This litigation is no different and does not require the needless interjection of the State to do what the Secretary and counties will otherwise undertake without the State's intervention. Allowing the State to intervene would only serve to unduly burden the Court with excessive and repetitive filings, inevitably delay time-sensitive proceedings, and increase litigation costs.

Timely resolution of this case and preliminary injunction is of critical importance, given the impending general election. *See Nichol*, 310 F.R.D. at 399 (denying permissive intervention in voting rights case where "the nature of this case requires a higher-than-usual commitment to a swift resolution" and "even minor delays to the court's resolution . . . could jeopardize the parties' ability to obtain" meaningful relief). Mere

-8-

statutory access to voting by mail is not sufficient to protect voters' constitutional rights in the face of this pandemic. As the U.S. Supreme Court said long ago, "There is more to the right to vote than the right to mark a piece of paper and drop it in a box or the right to pull a lever in a voting booth. The right to vote includes the right to have the ballot counted." *Reynolds v. Sims*, 377 U.S. 533, 555 n.29 (1964) (citation and quotation omitted). Ensuring all ballots cast by lawful voters are counted is precisely why Plaintiffs filed this lawsuit.

The State's involvement would almost certainly result in delay, as it would introduce another party represented by separate counsel filing additional briefs to which the remaining *17* parties would need to respond, inevitably complicating the conduct of this litigation. Plaintiffs filed their complaint and preliminary injunction over one week ago, and the Court has already issued an Order requiring Plaintiffs and the existing Defendants to meet and confer to discuss a briefing schedule, which will be presented to the Court next Tuesday. Plaintiffs have already been working with Defendants to this end. The intervention of the State will further complicate these discussions with Defendants, requiring the parties and the Court to contend with additional pages associated with briefings and multiple oral arguments. It also introduces the possibility for further disagreement about the need for and scope of discovery in this time-sensitive matter, among other issues. *See PEST*, 648 F. Supp. 2d at 1214 (declining to allow permissive intervention even where factors met because interests were already met by existing parties and "adding them as parties would unnecessarily encumber the litigation") Thus, in a case such as this where time is of the essence and the existing parties already represent all pertinent interests, permissive intervention is not appropriate and should not be granted.

**CONCLUSION**

For these reasons, the Court should deny the State's motion to intervene.

-9-

Dated: June 19, 2020                    **PERKINS COIE LLP**

                                        By: */s/ Alexis E. Danneman*
                                             Alexis E. Danneman
                                             Joshua L. Boehm

# CERTIFICATE OF SERVICE

☒ I hereby certify that on June 19, 2020, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Joseph E. La Rue<br>Joseph Branco<br>laruej@mcao.maricopa.gov<br>brancoj@mcao.maricopa.gov<br>ca-civilmailbox@mcao.maricopa.gov<br>Attorney for Defendant Adrian Fontes | Roopali H. Desai<br>D. Andrew Gaona<br>Kristen Yost<br>rdesai@cblawyers.com<br>agaona@cblawyers.com<br>kyost@cblawyers.com<br>Attorneys for Defendant Arizona Secretary of State |
| Rose Winkeler<br>rwinkeler@coconino.az.gov<br>Attorney for Defendant Patty Hansen | Drew C. Ensign<br>Drew.Ensign@azag.gov<br>Attorney for Proposed Intervenor |
| Jason S. Moore<br>jason.moore@navajocountyaz.gov<br>Attorney for Defendant Michael Sample | Craig Cameron<br>craig.cameron@pinal.gov<br>Attorney for Defendant Virginia Ross |
| Jeffrey B. Haws<br>Jeff.Haws@mohavecounty.us<br>CAOcivil.Court@mohavecounty.us<br>Attorney for Defendant Kristi Blair | Thomas M. Stoxen<br>ycao@yavapai.us<br>Attorney for Defendant Leslie M. Hoffman |
| William J. Kerekes<br>YCAttyCivil@yumacountyaz.gov<br>Attorney for Defendant Robyn Stallworth Pouquette | Kimberly Hunley<br>khunley@santacruzcountyaz.gov<br>Attorney for Defendant Suzanne "Suzie" Sainz |

☒ I hereby certify that on June 19, 2020, I served the attached document by first class mail on the following, who are not registered participants of the CM/ECF System:

| | |
|---|---|
| Edison J. Wauneka<br>75 West Cleveland Street<br>St. Johns, AZ 85936 | David W. Stevens<br>1415 Melody Lane, Building B<br>Bisbee, AZ 85603 |

-11-

| | |
|---|---|
| Sadie Jo Bingham<br>1400 E Ash St<br>Globe, AZ 85501 | Wendy John<br>921 Thatcher Boulevard<br>2nd Floor<br>Safford, AZ 85546 |
| Sharie Milheiro<br>253 Fifth St<br>Clifton, AZ 85533 | Richard Garcia<br>1112 Joshua Avenue, #201<br>Parker, AZ 85344 |
| F. Ann Rodriguez<br>240 N. Stone Avenue<br>Tucson, AZ 85701 | |

s/ Rhonda Boen