Thomas R. McCarthy (*pro hac* application pending)
tom@consovoymccarthy.com
Cameron T. Norris (*pro hac* application pending)
cam@consovoymccarthy.com
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, Virginia 22209

Patrick Strawbridge (*pro hac* application pending)
patrick@consovoymccarthy.com
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, Massachusetts 02109
Tel: (703) 243-9423

Kory Langhofer (Ariz. Bar No. 024722)
kory@statecraftlaw.com
Thomas Basile (Ariz. Bar No. 031150)
tom@statecraftlaw.com
STATECRAFT PLLC
649 North Fourth Avenue, Suite B
Phoenix, Arizona 85003
Tel: (602) 382-4078
*Counsel for Proposed Intervenors*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The Arizona Democratic Party, *et al.*, | No. 2:20-cv-01143-DLR |
| Plaintiffs, | |
| v. | **MOTION TO INTERVENE BY REPUBLICAN NATIONAL COMMITTEE; ARIZONA REPUBLICAN PARTY; AND DONALD J. TRUMP FOR PRESIDENT, INC.** |
| Katie Hobbs, *et al.*, | |
| Defendants, | |
| and | (Oral Argument Requested) |
| Republican National Committee; Arizona Republican Party; and Donald J. Trump for President, Inc., | |

1

Proposed Intervenor-Defendants.

The Republican National Committee, the Arizona Republican Party, and Donald J. Trump for President, Inc. (collectively, the "Movants") respectfully move to intervene in this action pursuant to Federal Rule of Civil Procedure 24.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court should allow Movants—the Republican National Committee, the Arizona Republican Party, and Donald J. Trump for President, Inc.—to intervene as defendants in this case. As the Democratic Party recently put it, "'political parties usually have good cause to intervene in disputes over election rules,'" and "courts regularly permit the intervention of political parties … in cases involving elections." *Issa v. Newsom*, Doc. 23 at 2 & n.1, No. 2:20-cv-01044-MCE-CKD (E.D. Cal. June 8, 2020). That is why, in the many pending cases involving the 2020 election, the Democratic and Republican parties have been granted intervention every time they've moved for it.[1] Just last week, this Court permitted the Attorney General to intervene in this case. Doc. 28 at 3. This Court should apply the same reasoning—consistent with the other district courts—and grant this motion. Intervention is appropriate here for two independent reasons.

***First***, Movants satisfy the criteria for intervention as of right under Rule 24(a)(2).

---

[1] *See, e.g.*, *Issa v. Newsom*, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and the Democratic Party of California); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the Republican National Committee, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same).

Their motion is timely. Movants have a clear interest in protecting their candidates, voters, and resources from upheavals in Arizona election law. And no other party adequately represents those particular interests.

***Second***, and alternatively, the Court should grant Movants permissive intervention under Rule 24(b). Again, this motion is timely. Movants' defenses share common questions of law and fact with the existing parties, and intervention will result in no delay or prejudice. As the mirror-image of the Arizona Democratic Party, Movants are uniquely well-suited to intervene and raise important perspectives that will otherwise go unrepresented.

Defendants Attorney General and the Santa Cruz, Mohave, Pima, Yavapai, Navajo, Gila, and Pinal recorders do not oppose this motion. The Plaintiffs and the Secretary of State have indicated they do oppose Movants' intervention, and the remaining Defendants have not responded to a request for their position that Movants sent on the evening of June 22.

**INTERESTS OF PROPOSED INTERVENORS**

Movants are a political campaign and political committees who support Republicans in Arizona. The RNC is a national committee as defined by 52 U.S.C. § 30101. It manages the Republican Party's business at the national level, supports Republican candidates for public office at all levels, coordinates fundraising and election strategy, and develops and promotes the national Republican platform. The Arizona Republican Party is a recognized political party that works to promote Republican values and to assist Republican candidates in obtaining election to partisan federal, state, and local office. Donald J. Trump for President, Inc., is the principal committee for President Donald J. Trump's reelection campaign. All three Movants have interests—their own and those of their members—in the rules governing Arizona elections.

**ARGUMENT**

I. <u>**Movants are entitled to intervene as of right**</u>.

"Rule 24(a) traditionally receives a liberal construction in favor of applicants seeking intervention." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1258 (9th Cir. 2010). Under Rule 24(a)(2), this Court must grant intervention as of right if:

1. The motion is timely;

2. Movants have a legally protected interest in this action;

3. This action may impair or impede that interest; and

4. No existing party adequately represents Movants' interests.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). Movants satisfy each of these requirements.

### A. The motion is timely.

Movants filed a "timely" motion to intervene. Fed. R. Civ. P. 24(a)(2). As this Court acknowledged just last week, "[this] case is in its infancy," so intervention "will not likely result in significant delay." Doc. 28 at 2. The complaint was filed only two weeks ago, Defendants still haven't answered it, and the Court has yet to rule on the preliminary-injunction motion. *See, e.g.*, *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (motion filed four months after the complaint and before any hearings or rulings on substantive matters was timely); *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (holding intervention was clearly timely where it was filed "before the EPA had even filed its answer"); *N. Am. Meat Inst. v. Becerra*, 420 F. Supp. 3d 1014, 1021 (C.D. Cal. 2019) (motion filed twenty-five days after complaint was timely); *California v. Health & Human Servs.*, 330 F.R.D. 248, 253 (N.D. Cal. 2019) (finding that "a several-week delay in filing [a] motion to intervene has caused no prejudice to any of the other parties and was entirely reasonable").

Movants' intervention will not prejudice the parties either. Movants are prepared to abide by any schedule this Court may adopt for the filing of pleadings responsive to the Complaint or the Plaintiffs' Motion for Preliminary and Permanent Injunction (Doc. 2).[2]

---

[2] Like the Attorney General, *see* Doc. 16 at 2 n.1, Movants respectfully seek leave from the requirement of Rule 24(c) to attach a responsive pleading. Movants are seeking to expedite this filing and the time to respond to the Complaint has not yet run for *any* Defendant. "Courts … have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Beckman Indus. Inc., v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). And if the Court believes it to be necessary, Movants can tender a responsive pleading as a condition of being permitted to intervene to

4

And although intervention would mean the Plaintiffs may face some additional arguments against their requested relief, "these arguments do not pertain to prejudice arising from the timeliness of this motion." *Am. Small Bus. League v. U.S. Dept. of Defense*, No. C 18-01979 WHA, 2019 WL 2579200, at *3 (N.D. Cal. June 24, 2019) (granting intervention). Issues "concerning the nature and duration of the case"—as opposed to the effect of an untimely intervention—"are precisely the kind of issues that do *not* constitute prejudice." *Defenders of Wildlife v. Johanns*, No. C 04-4512 PJH, 2005 WL 3260986, at *4 (N.D. Cal. 2005) (emphasis added). And "[c]oncerns about potentially duplicative briefing can be addressed in other ways." Doc. 28 at 2.

If Movants are denied intervention, however, their interests will be irreparably harmed. They are the only stakeholders with an interest specific to the election of their candidates, and if they are left out of discovery, future merits briefing, and any discussions over the contours of a permanent injunction that might issue, it would directly impair their ability to protect that interest in the approaching election. Their motion is thus timely.

**B.     Movants have protected interests in this action.**

Movants also "have a significant protectable interest in the action." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "To demonstrate a significant protectable interest, [Movant] must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue," but "'[n]o specific legal or equitable interest need be established.'" *Id.* (alteration in original).

Movants' interests in this action are, at a minimum, equal to Plaintiffs'. Federal courts "routinely" find that political parties have interests supporting intervention in litigation regarding election procedures. *Issa*, 2020 WL 3074351, at *3. Indeed, given their

---

resolve any such "purely technical defect," which should not "result in the disregard of any substantial right." *Westchester Fire Ins. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (quotation marks omitted). Indeed, permitting intervention now may help avoid the need for duplicative pleadings, as Movants would coordinate their responses with the other Defendants.

obvious interest in elections, usually "[n]o one disputes" that a political party "meet[s] the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Col. Sept. 15, 2014). That is certainly true where, as here, "changes in voting procedures could affect candidates running as Republicans and voters who [are] members of the … Republican Party." *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, *2 (S.D. Ohio Aug. 26, 2005); *see id.* (under such circumstances, "there [was] no dispute that the Ohio Republican Party had an interest in the subject matter of this case"). That is why, although Plaintiffs refuse to extend the same courtesy here, the Republican Party consented to the Democratic Party's intervention in a case that it filed in California. *See Republican Nat'l Comm. v. Newsom*, Doc. 22, No. 2:20-cv-1055-MCE-CKD (E.D. Cal. June 5, 2020).

### C. This action threatens to impair Movants' interests.

Movants are "so situated that disposing of [this] action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Movants "do not need to establish that their interests *will* be impaired," "only that the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014). This language in Rule 24 is "obviously designed to liberalize the right to intervene in federal actions." *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967).

Here, the risks to Movants' interests are plain. Any relief awarded to Plaintiffs will change the "structur[e] of th[e] competitive environment" and "fundamentally alter the environment in which [Movants] defend their concrete interests (e.g. their interest in … winning [election or] reelection)." *Shays v. Federal Election Comm.*, 414 F.3d 76, 85-86 (D.C. Cir. 2005). These changes also threaten to confuse voters and undermine confidence in the electoral process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) ("Court orders affecting elections … can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase."). Movants will be forced to spend substantial resources informing Republican voters of changes in the

law, fighting inevitable confusion, and galvanizing participation in the wake of the "consequent incentive to remain away from the polls." *Id.*

Moreover, "as a practical matter," Fed. R. Civ. P. 24(a)(2), "intervenors have 'no alternative forum where they can mount a robust defense,'" of the ballot-signature requirement. *Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377, 381 (W.D. Wash. 2017). This proceeding might be the *only* time that Movants can litigate the ballot-signature rules that will govern the November election, which is only months away. Therefore, "disposition of [the] suit might, as a practical matter, impair the ability of [Movants] to protect [their] interest[s]." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983). In a very real sense, then, this Court's decision on the preliminary injunction could be the final word on the ballot-signature laws governing the next election.

### D. The parties do not adequately represent Movants' interests.

Finally, "the existing parties may not adequately represent [Movant]'s interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). Inadequacy is not a demanding showing. "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Id.* While that burden increases "when the government is acting on behalf of a constituency that it represents," Movants can meet the burden by "mak[ing] a 'compelling showing' of inadequacy of representation." *Id.*

The State Defendants do not adequately represent Movants' interests. This inadequacy goes beyond the Attorney General's understandable concern that the Secretary will not fully defend the laws at issue, *see* Doc. 16 at 4-6,[3] because Movants are private political entities with fundamentally different aims than both the Secretary and Attorney General. The State Defendants must balance "a range of interests likely to diverge from those of the intervenors." *Meek v. Metro. Dade Cty.*, 985 F.2d 1471, 1478 (11th Cir. 1993).

---

[3] In her most recent filing with this Court, the Secretary of State underscored the fact that she "has her own legal positions, priorities, and objectives" distinct from that of the AG's office, Doc. 26 at 3. The same is obviously true with respect to Movants.

Those interests include "the expense of defending the current [laws] out of [state] coffers," *Clark v. Putnam Cty.*, 168 F.3d 458, 461 (11th Cir. 1999), "the social and political divisiveness of the election issue," *Meek*, 985 F.2d at 1478, "their own desires to remain politically popular and effective," *id.*, and even the interests of opposing parties, *In re Sierra Club*, 945 F.2d 776, 779-80 (4th Cir. 1991).

Neither does the Attorney General Intervenor-Defendant adequately represent Movants' interests. The "presumption" that the Attorney General adequately represents Movants is "rebutted" here because "[Movants' position] represents more than a mere difference in litigation strategy … but rather demonstrates the fundamentally differing points of view between [Movants] and the [State] on the litigation as a whole." *Citizens for Balanced Use*, 647 F.3d at 899; *see Issa*, 2020 WL 3074351, at *3 (granting the Democratic Party intervention as of right, even though California was already defending the challenged policy, because "the parties' interests are neither 'identical' nor 'the same'"). Defendants are elected officials charged with administering the State's election laws—and doing so *neutrally*, without favoring Democrats or Republicans. "In carrying out this responsibility, [Intervenor-Defendant] would 'shirk [his] duty were [he] to advance the narrower interest of a private entity.'" *Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 977 (8th Cir. 2014). Although Movants and the Attorney General both seek to defend the laws at issue, "the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" *Citizens for Balanced Use*, 647 F.3d at 898.

For these reasons, Movants occupy an adversarial position in this case that no existing party serves. Their "intervention [is] vital to the defense of the law[s] at issue" in this case. *Miracle v. Hobbs*, 333 F.R.D. 151, 155 (D. Ariz. 2019) (citing *Horne v. Flores*, 557 U.S. 433, 433 (2009)). Movants should be granted intervention as of right.

**II.** **Alternatively, Movants are entitled to permissive intervention.**

Even if Movants were not entitled to intervene as of right under Rule 24(a), this Court should grant them permissive intervention under Rule 24(b). Exercising broad judicial

discretion, courts grant permissive intervention when the movant has:

1. Independent ground for jurisdiction;
2. Filed a timely motion;
3. A common question of law and fact to the main action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011). The Court also must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). And, "[u]nlike Rule 24(a), subsection (b) 'does not require a showing of inadequacy of representation.'" Doc. 28, at 2 (quoting *Groves v. Ins. Co. of N. Am.*, 433 F. Supp. 877, 888 (E.D. Pa. 1977)).

The requirements of Rule 24(b) are met here. As explained, Movants filed a timely motion. *Supra* I.A. Movants need not demonstrate independent grounds for jurisdiction. In federal-question cases such as this one, "[t]he jurisdictional requirement, … [applies] only where a proposed intervenor seeks to bring new state-law claims." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011). Because this is a federal-question case, Compl. ¶¶ 4-5, and Movants do not seek to introduce any new state-law claims, "the jurisdictional concern drops away." *Geithner*, 644 F.3d at 844.

Movants will raise defenses that share many common questions with the parties' claims and defenses. Here, Movants seek to enforce existing ballot-signature requirement "and therefore bring no new questions of law," which indicates a "common question of law and fact." *S. Pac. Co. v. City of Portland*, 221 F.R.D. 637, 643 (D. Or. 2004). Indeed, district courts have found this element met merely when "the intervenors' represent that their defenses are based on the same legal arguments that the state has raised, such that there are questions of law and fact in common between their defense and the main action." *Becerra*, 420 F. Supp. 3d at 1021. Further, Movant's arguments are "directly responsive to the claims for injunction asserted by plaintiffs" and therefore "satisf[y] the literal requirements of Rule 24(b)." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002). Permissive intervention is particularly appropriate where, as here, "[Movants] assert 'defenses' of the government [laws] that squarely respond to the challenges made by

plaintiffs in the main action." *Id.* at 1111. Because Movants' interests mirror Plaintiffs', "[Movants] will contribute to a full development of the issues in the lawsuit." *Friends of the Wild Swan, Inc. v. U.S. Fish & Wildlife Serv.*, 896 F. Supp. 1025, 1028 (D. Or. 1995); *see also Builders Ass'n of Greater Chic. v. City of Chicago*, 170 F.R.D. 435, 441 (N.D. Ill. 1996) (permissive intervention is appropriate where "applicants' interest in the litigation is the mirror-image" of an original party's interest).

Movants' intervention will not unduly delay this litigation or prejudice anyone. Movants swiftly moved to intervene while "[this] case is in its infancy," Doc. 28 at 2, and their participation will add no delay beyond the norm for multiparty litigation. After all, Plaintiffs put the constitutionality of the laws at issue and "can hardly be said to be prejudiced by having to prove a lawsuit [they] chose to initiate." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). Movants commit to submitting all filings in accordance with the briefing schedules this Court imposes, "which is a promise" that undermines claims of undue delay. *Emerson Hall Assocs., LP v. Travelers Casualty Ins. Co. of Am.*, 2016 WL 223794, *2 (W.D. Wis. Jan. 19, 2016).

Finally, allowing Movants to intervene will promote consistency and fairness in the law, as well as judicial economy, which "is a relevant consideration in deciding a motion for permissive intervention." *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990). Like the Attorney General Intervenor-Defendant, "'the magnitude of this case is such that both Applicants' intervention will contribute to the equitable resolution of this case,'" *Kootenai Tribe of Idaho*, 313 F.3d at 1111. "[I]ntervention will promote judicial economy and spare the parties from needing to litigate a similar case in another district." *Health & Human Servs.*, 330 F.R.D. at 255 (holding that permissive intervention for Oregon as the fifteenth plaintiff in the suit would promote judicial economy). Allowing intervention by political parties in a "time-sensitiv[e]" "election-related dispute" also preempts the delay that otherwise results from sorting out Movants' rights on appeal. *See Jacobson v. Detzner*, 2018 WL 10509488 (N.D. Fla.) ("[D]enying [Republican Party organizations'] motion [to intervene] opens the door

to delaying the adjudication of this case's merits for months—if not longer"); *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987) ("[W]hen an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to immediate review."). If this Court has any doubts, "the most prudent and efficient course of action" is to grant permissive intervention. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. United States*, 2002 WL 32350046, *3 (W.D. Wis. Nov. 20, 2002).

## CONCLUSION

The Court should grant Movants' motion and allow them to intervene as defendants.

Dated: June 23, 2020

                            STATECRAFT PLLC

                            By:    */s/Thomas Basile*
                                  Kory Langhofer
                                  Thomas Basile
                                  649 North Fourth Avenue, First Floor
                                  Phoenix, Arizona 85003

                            CONSOVOY MCCARTHY PLLC

                            Thomas R. McCarthy (*pro hac* pending)
                            Cameron T. Norris (*pro hac* pending)
                            1600 Wilson Blvd., Ste. 700
                            Arlington, Virginia 22209

                            Patrick Strawbridge (*pro hac* pending)
                            Ten Post Office Square
                            8th Floor South PMB #706
                            Boston, Massachusetts 02109

                            *Attorneys for Proposed Intervenors Republican National Committee, Arizona Republican Party, and Donald J. Trump for President, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alexis E. Danneman
Joshua L. Boehm
**Perkins Coie LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
ADanneman@perkinscoie.com
JBoehm@perkinscoie.com
*Attorneys for the Plaintiffs*

Roopali Desai
Andy Gaona
Kristen Yost
**Coppersmith Brockelman PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
rdesai@cblawyers.com
agaona@cblawyers.com
kyost@cblawyers.com
*Attorneys for the Secretary of State*

Drew Ensign
Jennifer Wright
Robert Makar
**Arizona Attorney General's Office**
2005 North Central Avenue
Phoenix, Arizona 85004
Drew.Ensign@azag.gov
Jennifer.Wright@azag.gov
Robert.Makar@azag.gov
*Attorneys for the State of Arizona*

Joseph D. Young
**Apache County Attorney's Office**
P.O. Box 637
Saint Johns, Arizona 85936
jyoung@apachelaw.net
*Attorney for the Apache County Recorder*

Rose Winkeler
**Coconino County Attorney's Office**
110 East Cherry Ave.
Flagstaff, Arizona 86001
rwinkeler@coconino.az.gov
*Attorney for the Coconino County Recorder*

Jeff Dalton
**Gila County Attorney's Office**
1400 East Ash Street
Globe, Arizona 85501
jdalton@gilacountyaz.gov
*Attorney for the Gila County Recorder*

Joseph Branco
Joseph La Rue
**Maricopa County Attorney's Office**
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
brancoj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorney for the Maricopa County Recorder*

Jeff Haws
**Mohave County Attorney's Office**
315 N. 4th St.
Kingman, Arizona 86401
Jeff.Haws@mohavecounty.us
*Attorney for the Mohave County Recorder*

Jason Moore
**Navajo County Attorneys Office**
P.O. Box 668
Holbrook, AZ 86025
jason.moore@navajocountyaz.gov
*Attorney for the Navajo County Recorder*

Daniel Jurkowitz
**Pima County Attorney's Office**
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Daniel.Jurkowitz@pcao.pima.gov
*Attorney for the Pima County Recorder*

Craig Cameron
**Pinal County Attorney's Office**
30 N. Florence St.
Florence, Arizona 85132
Craig.Cameron@pinal.gov
*Attorney for the Pinal County Recorder*

Kimberly Hunley
**Santa Cruz County Attorney's Office**
2150 North Congress Drive, Suite 201
Nogales, Arizona 85621
khunley@santacruzcountyaz.gov
*Attorney for the Santa Cruz County Recorder*

Thomas M. Stoxen, Esq.
**Yavapai County Attorney's Office**

255 E. Gurley Street
Prescott, Arizona 86301
thomas.stoxen@yavapai.us
*Attorneys for the Yavapai County Recorder*

William J. Kerekes
**Office of the Yuma County Attorney**
250 West Second Street, Suite G
Yuma, Arizona 85364
YCAttyCivil@yumacountyaz.gov
*Attorney for the Yuma County Recorder*

By:    /s/Thomas Basile
       Thomas Basile