1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9

| | |
|---|---|
| Arizona Democratic Party, et al., | No. CV-20-01143-PHX-DLR |
| Plaintiffs, | **SCHEDULING ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

10
11
12
13
14
15

On June 23, 2020, the Court held a telephonic conference to discuss a schedule for

16

discovery, briefing, and consolidated hearing on Plaintiff's preliminary injunction motion

17

and the merits.  After hearing from the parties,

18

**IT IS ORDERED as follows:**

19

    1.    Plaintiffs' preliminary injunction motion (Doc. 2) will be consolidated with

20

the final trial on the merits pursuant to Federal Rule of Civil Procedure

21

65(a)(2).

22

    2.    Defendant Secretary of State Katie Hobbs ("Secretary Hobbs") and

23

Intervenor-Defendant State of Arizona ("State") shall timely file answers

24

to the complaint (Doc. 1).  The filing of an answer will not be deemed a

25

waiver of a defense under Federal Rule of Civil Procedure 12(b)(1) or (6).

26

Defendants may raise such defenses, if applicable, in their response to

27

Plaintiffs' preliminary injunction motion.  For reasons stated on the record

28

during the conference call, the County Recorder Defendants are not required to file answers, and their failure to do so will not be construed as a default or an admission.

3.  Responses in opposition to Proposed Intervenor-Defendants Republican National Committee, Arizona Republican Party, and Donald J. Trump for President, Inc.'s Motion to Intervene (Doc. 35) are due by **June 26, 2020, at 12:00 p.m. (Arizona Time)**.

4.  Written discovery requests are due by **June 25, 2020**.  Responses to written discovery are due by **July 9, 2020**.  Depositions shall be completed by no later than **July 23, 2020**.

5.  If a discovery dispute arises and cannot be resolved despite sincere efforts through personal consultation, the parties shall call the Court's Judicial Assistant, Mary Farmer, at (602) 322-7530, to set a telephonic conference and file a good faith consultation certificate complying with Rule 37(a)(1). If the parties believe it would assist the Court, they may file a joint statement of the dispute, not to exceed 3 pages, one and one-half page per side.  The joint statement may be single-spaced.  The purposes of the joint statement are to provide the Court with information about the dispute which might be difficult to succinctly describe to the Court over the phone, and to make a record of the discovery sought.  **A discovery motion may be filed only after the parties have discussed the discovery dispute with the Court and the Court has authorized the filing of a discovery dispute motion**.   If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.  Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery.  Delay in

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

6.     Secretary Hobbs and the State are designated by the Court as the representatives responsible for coordinating the defense for all Defendants. Secretary Hobbs and the State shall file a response to Plaintiffs' preliminary injunction motion (Doc. 2) by no later than **August 3, 2020**.  Those County Recorder Defendants that have entered into the agreement described on the record at the conference call may, if they wish, file a separate response of no more than seven pages by no later than **August 5, 2020**.  If any other party believes its interests are not adequately represented by Plaintiffs, Secretary Hobbs, or the State, and that an issue affecting it has not been raised or briefed, it may move for leave to file its own response to the preliminary injunction motion and shall concurrently lodge the proposed response by no later than **August 5, 2020**.  Such a response shall not repeat any argument already raised.   Plaintiffs' reply in support of their preliminary injunction motion shall be filed no later than **August 10, 2020**.

7.     All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.  Citations in support of any assertion in the text shall be included in the text, not in footnotes.  Notwithstanding Section II.D.3 of the Electronic Case Filing Administrative Policies and Procedures Manual, no party shall deliver to the Court a separate paper courtesy copy of a filing unless otherwise requested by the Court.

8.     A consolidated hearing on the preliminary injunction motion and bench trial on the merits is set for **Tuesday, August 18, 2020, at 9:00 a.m. in Courtroom 606, 401 W. Washington, Phoenix, Arizona**.  The parties indicated during the conference call that live witness testimony likely will

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

not be needed.  If the parties later determine that live witness testimony will be required, they shall notify the Court in writing by no later than **August 10, 2020**.

Dated this 24th day of June, 2020.

Douglas L. Rayes
United States District Judge