**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Democratic Party, et al., | No. CV-20-01143-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

At issue is the Republican National Committee, the Arizona Republican Party, and Donald J. Trump for President, Inc.'s ("Movants") Motion to Intervene.[1]  (Doc. 35.) Having reviewed the motion and Plaintiffs' response in opposition (Doc. 59), the Court will grant the motion under Federal Rule of Civil Procedure 24(b).

Rule 24 provides for intervention permissively and as-of-right.  Under Rule 24(a), the Court must allow an applicant to intervene if four requirements are met:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  If an applicant does not meet

---

[1] The Court will excuse Movants' failure to file a proposed responsive pleading, as ordinarily required by Federal Rule of Civil procedure 26(c), given the time constraints.

the requirements for intervention as-of-right, the Court nonetheless may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Unlike Rule 24(a), subsection (b) "does not require a showing of inadequacy of representation." *Groves v. Ins. Co. of N. Am.*, 433 F. Supp. 877, 888 (E.D. Pa. 1977). Rather, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court need not address whether Movants qualify for intervention as-of-right because permissive intervention is appropriate. Plaintiffs do not argue that Movants have no claim or defense that shares common issues of law and fact with the main action. They instead are concerned that Movants' presence will needlessly complicate the case, particularly by introducing redundant briefing and potentially delaying adjudication of the merits. Plaintiffs' concerns are misguided. Movants avow that they will adhere to whatever case management schedule the Court issues, and Movants participated in the June 23, 2020 scheduling conference, so they are well aware of the strict limitations the Court has imposed to avoid redundant briefing and delay. Specifically, paragraph 6 of the Scheduling Order designates Secretary Hobbs and the State as the representatives responsible for coordinating the defense for all Defendants, and explicitly states: "If **any** other party believes its interests are not adequately represented by Plaintiffs, Secretary Hobbs, or the State, and that an issue affecting it has not been raised or briefed, it may move for leave to file its own response to the preliminary injunction motion and shall concurrently lodge the proposed response by no later than **August 5, 2020**. Such a response shall not repeat any argument already raised." (Doc. 39 at 3 (first emphasis added).) Accordingly, although the Court will permit Movants to intervene, they cannot file a response without leave of Court, any proposed response must not repeat any argument already raised, and any motion seeking leave to file a response will need to explain how the briefing submitted by Secretary Hobbs and the State does not adequately address the issue or issues affecting Movants. Because the Court already has taken measures to ensure

1  that this case stays on schedule and that parties do not submit redundant briefs, Movants'
2  presence is unlikely to delay adjudication of this matter.  Indeed, the Court is committed to
3  resolving this case before early ballots are mailed in October.
4      Moreover, given the importance of the issues Plaintiffs raise, the Court will benefit
5  from hearing all perspectives.  The Court is reluctant, at this early stage, to conclude that
6  Movants will have nothing relevant to contribute to the merits and prefers to err on the side
7  of more information, not less.
8      **IT IS ORDERED** that Movants' Motion to Intervene (Doc. 35) is **GRANTED**
9  pursuant to Fed. R. Civ. P. 24(b).  In accordance with paragraph 2 of the Scheduling Order,
10 Movants shall timely file an answer to the complaint, and the filing of an answer will not
11 be deemed a waiver of a defense under Federal Rule of Civil Procedure 12(b)(1) or (6).
12 Such defenses, if applicable, may be raised in a proposed response to Plaintiffs' motion for
13 preliminary injunction, provided that the defense has been pled in the answer.  Movants
14 are bound by the terms of the Scheduling Order, including the fourth and fifth sentences of
15 paragraph 6.
16     Dated this 26th day of June, 2020.

Douglas L. Rayes
United States District Judge

- 3 -