**MARK BRNOVICH**
**ATTORNEY GENERAL**
Joseph A. Kanefield (No. 15838)
*Chief Deputy & Chief of Staff*
Brunn ("Beau") W. Roysden III (No. 28698)
*Division Chief*
Drew C. Ensign (No. 25463)
Michael S. Catlett (No. 25238)
*Deputy Solicitors General*
Jennifer J. Wright (No. 27145)
Robert J. Makar (No. 33579)
*Assistant Attorneys General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for State of Arizona*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Democratic Party, et al.,<br><br>               Plaintiffs,<br><br>vs.<br><br>Katie Hobbs, et al.,<br><br>            Defendants,<br><br>          and<br><br>State of Arizona,<br><br>            Intervenor-Defendant. | Case No: 2:20-cv-01143-DLR<br><br>**STATE'S ANSWER TO COMPLAINT** |

**NATURE OF THE CASE**

1.      The State admits that Plaintiffs' quotations in Paragraph 1 from *Harper v. VA. State Bd. of Elections* and *Wesberry v. Sanders* are accurate. To the extent that Plaintiffs intend to draw legal conclusions from these quotations, no response is required.

2.      The State is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 2 and therefore denies the same. The State affirmatively denies that any Arizonans will be disenfranchised as a result of the laws challenged in this action.

3.      The State admits that Arizona law permits qualified electors to vote by mail. A.R.S. § 16-541(A). The State further admits that in the 2008 general election, around one million Arizona voters cast their ballots by mail. The State admits that in the 2016 general election, around two million Arizona voters cast their ballots by mail. The State admits that in the 2018 midterm election, around 1.9 million voters cast their ballots by mail. The State denies all remaining allegations in Paragraph 3.

4.      The State admits that Arizona is suffering from the COVID-19 pandemic. The State is without sufficient knowledge to form a belief about the truth of the remaining allegations contained in Paragraph 4, and therefore denies those allegations.

5.      The State admits that any registered Arizona voter can cast a mail ballot if he or she follows the required steps to do so. The State admits that Arizona election officials are tasked with verifying that a given early ballot was cast by the voter in question by reviewing the signature reflected on the ballot envelope. The State is without sufficient knowledge to form a belief about the truth of the remaining allegations contained in Paragraph 5, and therefore denies those allegations.

6.      The State denies the allegations in Paragraph 6.

7.      The State denies the allegations in Paragraph 7.

8.      The State admits that a signature mismatch may be corrected by a voter "not later than the fifth business day after a primary, general or special election that includes a federal office." A.R.S. § 16-550(A). The State admits that a missing signature may be corrected by a

voter until 7 p.m. on the day of the election.  The State denies the remaining allegations of Paragraph 8.

## JURISDICTION AND VENUE

9. The State admits that Plaintiffs allege their claims arise out of 42 U.S.C. §§ 1983 and 1988.  The State denies the remaining allegations in Paragraph 9.

10. The State denies the allegations in Paragraph 10.

11. The State denies the allegations in Paragraph 11.

12. The State denies the allegations in Paragraph 12.

13. The State denies that the Court has jurisdiction.  The State admits, however, that if the Court has jurisdiction over the parties and claims to this action, then venue is proper in the District of Arizona.

14. The State denies the allegations in Paragraph 14.

## PARTIES

15. The State is without sufficient knowledge to form a belief about the truth of the allegations contained in Paragraph 15, and therefore denies those allegations.

16. The State denies the allegations in Paragraph 16.

17. The State is without sufficient knowledge to form a belief about the truth of the allegations contained in Paragraph 17, and therefore denies those allegations.

18. The State is without sufficient knowledge to form a belief about the truth of the statistical allegations contained in Paragraph 18, and therefore denies those allegations. The State denies all remaining allegations in Paragraph 18.

19. The State is without sufficient knowledge to form a belief about the truth of the allegations contained in Paragraph 19, and therefore denies those allegations.

20. The State denies the allegations in Paragraph 20.

21. The State is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding DNC's anticipated expenditures, and therefore denies those allegations.  The State denies all remaining allegations in Paragraph 21.

22. The State denies the allegations in Paragraph 22.

23.     The State is without sufficient knowledge to form a belief about the truth of the allegations contained in Paragraph 23, and therefore denies those allegations.

24.     The State denies the allegations in Paragraph 24.

25.     The State denies the allegations in Paragraph 25.

26.     The State admits that Katie Hobbs is the Secretary of State for the State of Arizona.   The State admits that the Secretary is the "chief state election officer who is responsible for coordination of state responsibilities under the national voter registration act of 1993." A.R.S. § 16-142.  The Secretary is responsible for "prescrib[ing] rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S.  §  16-452.  The State denies any remaining allegations in Paragraph 26.

27.     The State admits the allegations in Paragraph 27.

28.     The State admits the allegations in Paragraph 28.

29.     The State admits the allegations in Paragraph 29.

30.     The State admits the allegations in Paragraph 30.

31.     The State admits the allegations in Paragraph 31.

32.     The State admits the allegations in Paragraph 32.

33.     The State admits the allegations in Paragraph 33.

34.     The State admits the allegations in Paragraph 34.

35.     The State admits the allegations in Paragraph 35.

36.     The State admits the allegations in Paragraph 36.

37.     The State admits the allegations in Paragraph 37.

38.     The State admits the allegations in Paragraph 38.

39.     The State admits the allegations in Paragraph 39.

40.     The State admits the allegations in Paragraph 40.

41.     The State admits the allegations in Paragraph 41.

**STATEMENT OF FACTS**

42.     The State admits that under Arizona law "[a]ny qualified elector may vote by early ballot." A.R.S. § 16-541.   The State further admits that a valid early ballot requires an affidavit signed by the voter, A.R.S. § 16-548, and that the signature requirement is one way in which election officials verify the authenticity of ballots. The State denies any remaining allegations in Paragraph 42.

43.     The State admits that "[o]n receipt of the envelope containing the early ballot and the ballot affidavit, the county recorder or other officer in charge of elections shall compare the signatures thereon with the signature of the elector on the elector's registration record." A.R.S. § 16-550(A).  The State denies any remaining allegations in Paragraph 43.

44.     The State denies the allegations in Paragraph 44.

45.     The State admits that, effective August 27, 2019, the Legislature amended A.R.S. § 16-550(A), which now provides that "[i]f the signature is inconsistent with the elector's signature on the elector's registration record, the county recorder or other officer in charge of elections shall make reasonable efforts to contact the voter, advise the voter of the inconsistent signature, and allow the voter to correct or the county to confirm the inconsistent signature." *Id.* The State denies the remaining allegations in Paragraph 45.

46.     The State admits that the statute provides that "[t]he county recorder or other officer in charge of elections shall allow signatures to be corrected not later than the fifth business day after a primary, general or special election that includes a federal office or the third business day after any other election." *Id.*  The State denies the remaining allegations in Paragraph 46.

47.     The State admits that § 16-550(A) does not provide that a voter may be permitted to correct or confirm a missing signature.  The State denies the remaining allegations in Paragraph 47.

48.     The State admits that the current version of the Elections Procedure Manual, approved by the Governor and Attorney general in December 2019, as required by A.R.S. § 16-452(B), does address the cure period for early ballots missing a signature.  The State denies the

4

remaining allegations in Paragraph 48.

49.     The State admits that the Elections Procedure Manual provides that "[i]f the early ballot affidavit is not signed, the County Recorder shall not count the ballot."  The State further admits that the Elections Procedure Manual requires the County Recorder to make a "reasonable and meaningful attempt to contact the voter" to explain how the signature requirement can be satisfied "before 7:00pm on Election Day."   The State denies the remaining allegations in Paragraph 49.

50.     The State admits that Arizona law does not provide a cure period for missing signatures beyond Election Day.  The State denies the remaining allegations in Paragraph 50.

51.     The State denies the allegations in Paragraph 51.

52.     The State is without sufficient knowledge to form a belief about the truth of the allegations contained in Paragraph 52, and therefore denies those allegations.

53.     The State is without sufficient knowledge to form a belief about the truth of the allegations contained in Paragraph 53, and therefore denies those allegations.

54.     The State is without sufficient knowledge to form a belief about the truth of the allegations contained in Paragraph 54, and therefore denies those allegations.

55.     The State denies the allegations in Paragraph 55.

56.     The State is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the United States Postal Service, and therefore denies those allegations.  The State denies all remaining allegations in Paragraph 56.

57.     The State denies the allegations in Paragraph 57.

58.     The State denies the allegations in Paragraph 58.

## **COUNT I**

59.     The State realleges and incorporates by reference all prior and following responses to Plaintiffs' allegations as though fully set forth herein.

60.     Paragraph 60 does not contain any factual allegation requiring a response.  To the extent any such allegation is contained in Paragraph 60, the State denies those allegations.

61.     Paragraph 61 does not contain any factual allegation requiring a response.  To the

1    extent any such allegation is contained in Paragraph 61, the State denies those allegations.

2          62.    The State denies the allegations in Paragraph 62.

3          63.    The State denies the allegations in Paragraph 63.

4    **COUNT II**

5          64.    The State realleges and incorporates by reference all prior and following

6    responses to Plaintiffs' allegations as though fully set forth herein.

7          65.    Paragraph 65 does not contain any factual allegation requiring a response.  To the

8    extent any such allegation is contained in Paragraph 65, the State denies those allegations.

9          66.    Paragraph 66 does not contain any factual allegation requiring a response.  To the

10   extent any such allegation is contained in Paragraph 66, the State denies those allegations.

11         67.    The State denies the allegations in Paragraph 67.

12         68.    The State denies the allegations in Paragraph 68.

13         69.    The State denies the allegations in Paragraph 69.

14   **GENERAL DENIAL**

15         70.    The State denies each and every allegation not expressly admitted herein.

16   **AFFIRMATIVE DEFENSES**

17         71.    The Complaint fails, in whole or in part, to state a claim upon which relief can be

18   granted.

19         72.    Plaintiffs lack standing to bring some or all of the claims asserted in this suit.

20         73.    Plaintiffs' claims are barred under the political question or justiciability doctrine.

21         74.    Plaintiffs are not qualified electors as required by state law and therefore cannot

22   bring some or all of the claims asserted in this action.

23         75.    Plaintiffs are estopped from bringing some or all of the claims asserted in this

24   action.

25         76.    Plaintiffs are equitably estopped from bringing some or all of the claims asserted

26   in this action.

27         77.    Plaintiffs' claims are barred under the applicable statute of limitations.

28         78.    Plaintiffs' claims are barred in whole or part by the doctrine of laches.

79. Plaintiffs' unclean hands preclude the relief they seek herein.

80. Plaintiffs have waived their right to bring some or all of the claims asserted in this action.

81. Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata.

82. Plaintiffs' claims are barred in whole or in part by the doctrine of illegality.

83. The Complaint fails, in whole or in part, because Plaintiffs have failed to take reasonable steps to avoid harm.

84. Plaintiffs' claims for equitable relief are barred to the extent they seek an affirmative or mandatory injunction.

85. Defendants appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

86. Plaintiffs have not sustained any injury or damage as a result of any actions taken by Defendants, and thus are barred from asserting any claim against them.

87. Additional facts may be revealed by discovery that support affirmative defenses presently available to but unknown by the State.  Accordingly, the State hereby reserves the right to amend this Answer at a later time to assert any matters constituting an avoidance or affirmative defense, including those set forth in Fed. R. Civ. P. 8(c) and 12(b).

WHEREFORE, having fully answered the Complaint, the State prays for relief as follows:

A. That the claims in the Complaint be fully dismissed with prejudice;

B. That the Court otherwise enter judgment against Plaintiffs with prejudice;

C. That Plaintiffs take nothing;

D. That the State be awarded its fees and costs; and

E. For such other and further relief as the Court deems just and proper.

1    Respectfully submitted this 10th day of July, 2020.

2

3                                    MARK BRNOVICH
                                     ATTORNEY GENERAL
4

5                                    By: *Michael S Catlett*
                                     Joseph A. Kanefield (No. 15838)
6                                       *Chief Deputy & Chief of Staff*
                                     Brunn ("Beau") W. Roysden III (No. 28698)
7                                       *Division Chief*
                                     Drew C. Ensign (No. 25463)
8                                     Michael S. Catlett (No. 25238)
                                      *Deputy Solicitor General*
9                                     Jennifer J. Wright (No. 27145)
                                     Robert J. Makar (No. 33579)
10                                      *Assistant Attorneys General*
                                     2005 N. Central Avenue
11                                   Phoenix, Arizona 85004
                                     Telephone: (602) 542-5200
12                                   Drew.Ensign@azag.gov

13

14                                   *Attorneys for State of Arizona*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     8

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this July 10, 2020, I caused the foregoing document to be

3

electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and

4

transmittal of a Notice of Electronic Filing to all counsel of record at the email addresses

5

designated in the Court's CM/ECF system:

6

7

8

 *Michael S. Catlett*

9

Michael S. Catlett

10

*Attorneys for State of Arizona*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28