**MARK BRNOVICH**
**ATTORNEY GENERAL**
Joseph A. Kanefield (No. 15838)
  *Chief Deputy & Chief of Staff*
Brunn ("Beau") W. Roysden III (No. 28698)
  *Division Chief*
Drew C. Ensign (No. 25463)
Michael S. Catlett (No. 25238)
  *Deputy Solicitors General*
Jennifer J. Wright (No. 27145)
Robert J. Makar (No. 33579)
Anthony R. Napolitano (No. 34586)
  *Assistant Attorneys General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for State of Arizona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Democratic Party, et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Katie Hobbs, et al.,<br><br>                    Defendants,<br><br>              and<br><br>State of Arizona,<br><br>                    Intervenor-Defendant. | Case No: 2:20-cv-01143-DLR<br><br>**STATE'S MOTION FOR LEAVE TO FILE A COMBINED (1) RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND (2) RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** |

**MOTION**

Intervenor-Defendant the State of Arizona ("State") respectfully requests leave to file a consolidated (1) response to Plaintiffs' motion for a preliminary injunction (Doc. 2) and (2) Rule 12(c) motion for judgment on the pleadings within the combined page limits applicable for the two briefs.  A copy of the proposed consolidated brief is attached.  The State respectfully submits that the consolidated brief will assist this Court in resolution of the issues presented and permit the State to offer a sufficient defense of laws enacted/promulgated by its duly elected officials that have stood for over a century.

This Court's scheduling order (Doc. 39 at 2) requires the State to file a response to Plaintiffs' motion for a preliminary injunction by August 3, 2020.  A Rule 12(c) motion also permits the State to challenge the sufficiency of Plaintiffs' Complaint, and may be filed "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12 (c).  Here pleadings did not close until the filing of Republican-Intervenor-Defendants' answer on July 17.  *See* Doc. 75.  This motion was filed shortly thereafter.  And it notably is being filed within the 60 days of this suit being initiated/first service of process (here June 10), which is the period typically given to file a Rule 12(b) motion if service of process is waived.  *See* Fed. R. 12(a)(1)(A)(ii).

The State's Rule 12(c) motion will not delay trial as it is being consolidated with the preliminary injunction response precisely so that all challenges to Plaintiffs' case—*i.e.*, the sufficiency of both their Complaint and their evidence—can be considered together, thereby promoting judicial economy.  The motion will thus facilitate expeditious resolution of this case, rather than delay it.

As Wright & Miller explains, "If it seems clear that the motion may effectively dispose of the case on the pleadings, the district court should permit it regardless of any possible delay consideration of the motion may cause."  Charles Alan Wright *et al*, 5C *Federal Practice & Procedure* §1367 (5th ed.).  As the proposed brief explains, that is plainly the case here:  Plaintiffs' Complaint has multiple case-dispositive deficiencies.  Indeed, the Sixth Circuit has reversed a holding that a Rule 12(c) motion was untimely

1   even where it was filed a mere five days before trial (and four years into the case). *Gen.*
2   *Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1123, 1131 (6th Cir.1990).

3         A consolidated brief will also both facilitate this Court's consideration of the
4   issues presented and permit the State to fulfill adequately the duty it owes to its citizens
5   to defend the laws of the State.  This case involves multiple constitutional issues, which
6   are particularly important and sensitive for several reasons, including (1) constitutional
7   holdings are uniquely permanent and not subject to any legislative corrections,
8   (2) important separation-of-powers and federalism concerns are implicated, with this
9   federal court being asked to set aside laws made by Arizona's elected representatives,
10  and (3) this Court's ruling could affect the rights of millions of parties not joined here.
11  Congress and the federal courts have recognized these unique concerns presented in
12  constitutional litigation through, *inter alia*, 28 U.S.C. § 2403 and Rule 5.1.

13        Because the State faces the prospect of laws that have stood for a century being
14  permanently invalidated, it should be given an adequate opportunity to defend them
15  robustly.  At the Ninth Circuit, for example, the State would receive either 14,000 or
16  21,000 words to do so (depending on if it prevailed below) and those words would likely
17  be devoted to a smaller subset of triaged issues. *See* 9th Cir. Rule 32-1.  A consolidated
18  brief here will permit this Court to consider the issues with briefing of sufficient depth
19  (though still materially shorter in total length).

20        In the alternative, the State seeks leave to file the proposed brief as page-expanded
21  response to the preliminary injunction that includes challenges to Plaintiffs' Complaint.
22  This Court indicated that it did not intend to foreclose the State's ability to challenge the
23  sufficiency of Plaintiffs' Complaint.  And the proposed brief will permit this Court to
24  consider all of the relevant arguments together.

25                          **CONCLUSION**
26        For the foregoing reasons, the State's motion for leave to file a consolidated brief
27  should be granted and the attached proposed brief filed.
28

1  Respectfully submitted this 3rd day of August, 2020.

MARK BRNOVICH
ATTORNEY GENERAL

By: s/ Drew C. Ensign
Joseph A. Kanefield (No. 15838)
  *Chief Deputy & Chief of Staff*
Brunn ("Beau") W. Roysden III (No. 28698)
  *Division Chief*
Drew C. Ensign (No. 25463)
Michael S. Catlett (No. 25238)
  *Deputy Solicitors General*
Jennifer J. Wright (No. 27145)
Robert J. Makar (No. 33579)
Anthony R. Napolitano (No. 34586)
  *Assistant Attorneys General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov


*Attorneys for State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

 s/ Drew C. Ensign
Drew C. Ensign

*Attorney for State of Arizona*