**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
State Bar No. 012860
Rose Winkeler
Deputy County Attorney
State Bar No. 025023
110 E. Cherry Ave.
Flagstaff, Arizona 86001
(928) 679-8200
rwinkeler@coconino.az.gov
*Attorney for Coconino County*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Arizona Democratic Party; The Democratic National Committee; DSCC<br><br>Plaintiffs,<br><br>v.<br><br>Katie Hobbs, in her official capacity as Secretary of State for the State of Arizona; Edison Wauneka, in his official capacity as Apache County Recorder; David Stevens, in his official capacity as Cochise County Recorder; Patty Hansen, in her official capacity as Coconino County Recorder; Sadie Jo Bingham, in her official capacity as Gila County Recorder; Wendy John, in her official capacity as Graham County Recorder; Sharie Miheiro, in her official capacity as Greenlee County Recorder; Richard Garcia, in his official capacity as La Paz County Recorder; Adrian Fontes, in his official capacity as Maricopa County Recorder; Kristi Blair, in her official capacity as Mohave County Recorder; Michael Sample, in his official capacity as Navajo County Recorder; F. Ann Rodriguez, in her official capacity as Pima County Recorder; Virginia Ross, in her official capacity as | No. CV-20-01143-PHX-DLR<br><br>**FIRST AMENDED RESPONSE OF THE COCONINO, NAVAJO, AND APACHE COUNTY RECORDS TO PLAINTIFFS' MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION**<br><br>*(Assigned to the Honorable Douglas L. Rayes)* |

1

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

Pinal County Recorder; Susanne Sainz, in her official capacity as Santa Cruz County Recorder; Leslie Hoffman, in her official capacity as Yavapai County Recorder; and Robyn Pouquette, in her official capacity as Yuma County Recorder,

Defendants.

## INTRODUCTION

The Apache, Coconino, and Navajo County Recorders hereby file their brief to inform the Court of their support of a cure period for unsigned early ballots consistent with that requested by the Plaintiffs in this case. The reason for that support is that the recorders of all three counties, along with the Arizona Secretary of State, previously made commitments to the Navajo Nation to support such a cure period for unsigned early ballots in settling previous litigation approved by this Court. To walk away from those commitments would be disrespectful to our tribal partners.

## BACKGROUND OF NAVAJO NATION V. REAGAN

Shortly after the general election in November of 2018, the Navajo Nation filed a lawsuit in Arizona Federal District Court against the Arizona Secretary of State, and the Recorders and Election Directors of Apache, Coconino, and Navajo Counties (Navajo Nation v. Hobbs, CV-18-08329-PCT-DWL). The Complaint specifically included a demand for preliminary and permanent injunctive relief to include allowing Tribal Members whose mail-in ballots were rejected for a lack of signature the opportunity to remedy that error. The "cure period" proposed by the Navajo Nation to correct those deficient mail-in ballots was similar to the cure period allowed for remedying issues regarding insufficient identification presented at the polls. See generally, *A.R.S. § 16-579(A)(2)*. The lawsuit also alleged in its Complaint that the counties' and the State's

2

actions regarding voter registration, voter education, and early voting were insufficient as they applied to residents of the Navajo Nation and hindered the ability of Navajo Tribal Members to effectively participate in the political process.  Because a significant portion of Navajo Tribal Members speak only Navajo, the Navajo Nation attributed in its Amended Complaint the failure of some tribal members to sign their early ballot envelope to the fact that there is no Navajo language translation of the early ballot instructions.

The State and each County defendant conducted settlement discussions with the Nation through early 2019. At that time, the Elections Manual in effect was the 2014 Manual, which provided no direction at all as to how Elections officials might provide voters who had failed to sign their early ballots an opportunity to cure their errors. Nor did the 2014 Manual prohibit officials from providing that opportunity.

All Arizona counties had also faced litigation earlier during the 2018 election regarding a "cure" period for early ballots submitted with signatures that did not appear to match those on the voters' registration records.[1] As the 2014 Elections Manual also did not provide direction on that matter, the fifteen counties of the State varied in their procedures. That litigation resulted in all parties agreeing to a uniform procedure in which election officials would take efforts to contact voters with "mismatched" signatures and allow them the opportunity to affirm their ballot consistent with the period provided for voters who had failed to present necessary identification when voting at the polling places.  That Agreement was silent regarding unsigned early ballots.

The State and the County defendants each ultimately settled with the Nation through separate and distinct settlement agreements, approved by, respectively, the Secretary of State, the Attorney General's Office, and the Apache, Coconino, and Navajo

---

[1] Maricopa County Republican Party v. Reagan et. al., Maricopa County Superior Court, Case No. CV 2018-013963.

3

County Boards of Supervisors, and County Attorneys Offices. Those settlement agreements, attached as **Exhibit A to A-3**, are unique to each defendant. Generally, all defendants agreed to support changes to the Elections Manual to allow for a cure process for "unsigned earlies." In the case of the county defendants, each agreed, even if the Manual remained silent, to treat unsigned ballots just as they treat mismatched signature ballots—by providing to the voter a notice of their ballot's deficiency and allowing them an opportunity to correct that deficiency. The Agreement signed by the Secretary of State and approved by two representatives of the Attorney General's Office, specifically provided that:

> The Secretary shall cause language to be included in the next Draft Elections Procedures Manual, which will be sent to the Governor and Attorney General for their approval as required by A.R.S. § 16-452, that specifies that voters who fail to sign their early ballot affidavits ("missing signatures") shall be afforded the same opportunity to cure their signature deficiency as that afforded to voters whose early ballot affidavit signatures do not match their signature in the Voter Registration Database ("inconsistent signatures").

**THE FIGHT OVER THE ELECTIONS PROCEDURES MANUAL**

When Secretary Hobbs included language consistent with the settlement agreements in the Navajo Nation case, it was blocked by the same Arizona Attorney General's Office that had approved the settlement in the Navajo Nation case, despite no change in leadership in that office. The reasons set forth by the Attorney General's office, in a tracking spreadsheet that circulated between the AG's Office and the Secretary, asserted that the provision allowing a cure period for unsigned earlies would violate *A.R.S. §§ 16-548(A) ARS 16-552(B)* as well as the statutory intent and legislative history of *A.R.S. § 16-550(A)* that tracking spreadsheet is attached as **Exhibit B**. The Attorney General's Office further commented that the voter:

4

> "[S]hall make and sign the affidavit. Ballot affidavit signature must be sufficient for the vote to be allowed. Curing the ballot contained within an unsigned envelope is not possible, as the voter cannot affirm the ballot contained therein is THEIR actual ballot. New ballot must be issued and received before the close of elections. New early ballot may be mailed, time permitting, or on Election Day a provisional ballot may be cast.

In response, the Secretary replied as follows:

> We disagree with AGO's statutory interpretation, based on legal advice from the AGO attorneys who represented our office in the NN lawsuit. Under no circumstance would an early ballot be "allowed" or counted if it does not have a signature. All the EPM does is specify the deadline for curing a ballot with a missing signature - i.e. for the voter to provide the missing signature. This deadline does not conflict with any statutory provision as statute is silent on this issue. Filling in this gap is within the authority of the SOS under 16-452(A), which specifically rquires [sic] that the EPM shall provide uniform procedures for early voting and for the counting and tabulation of ballots. Further, AGO is wrong in the factual statement that curing the ballot contained in an unsigned envelope is not possible. It is possible - counties are able to determine the voter's identity based on the affidavit envelope even if it's not signed - that's how they're able to contact the voter to notify them of the issue.

In the end, the following language received the approval of the Secretary, the Governor, and the Attorney General regarding "unsigned earlies":

> If the early ballot affidavit is not signed, the County Recorder shall not count the ballot. The County Recorder shall then make a reasonable and meaningful attempt to contact the voter via mail, phone, text message, and/or email, to notify the voter the affidavit was not signed and explain to the voter how they may cure the missing signature or cast a replacement ballot before 7:00pm on Election Day.

See 2019 Elections Procedure Manual, page 69. Interestingly, the Attorney General's Office and Governor approved the curing of unsigned early ballots in the manual, despite there being a lack of specific statutory authority allowing it other than the Secretary's statutory authority to implement uniform rules in the Manual for tabulating ballots under

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

5

A.R.S. § 16-452(A).  If Attorney General's Office believes sufficient authority exists for curing unsigned early ballots at all, there is no logical reason to believe that the cure period cannot extend to a period similar for that of mismatched signatures on early ballots.

## CONCLUSION

Due to the requirements of brevity, the Recorders of the three counties have not outlined the long history of federal and state governments failing to live up to the terms of the agreements and treaties they have made with Native Americans in the past.  Such an endeavor would more appropriately take book form.  However, it suffices to say that the Navajo Nation reasonably believed that, having received commitments from the Secretary and her representatives from the Attorney General's Office, as well as the three County Recorders, that provision would be made for a five day cure period for unsigned early ballots in the 2019 Elections Procedures Manual.  That clearly failed to happen due to resistance from the Attorney General's Office.

For their part, the County Recorders of Apache, Coconino, and Navajo County intend to honor their agreement with the Navajo Nation.  As such, they oppose the State's effort to block the relief requested by the Plaintiffs in this matter.

DATED this 05 day of August, 2020.

        WILLIAM P. RING
        Coconino County Attorney

        /s/ Rose Winkeler

        Rose Winkeler
        Deputy County Attorney

        BRAD CARLYON
        Navajo County Attorney

        /s/ Jason S. Moore (With permission)

        Jason S. Moore
        Deputy County Attorney

        MICHAEL B. WHITING
        Apache County Attorney

        /s/ Joseph D. Young (With permission)

        Joseph D. Young
        Deputy County Attorney

**WILLIAM P. RING**
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200

**CERTIFICATE OF SERVICE**

I hereby certify that on the 05 day of August, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: _____

WILLIAM P. RING
COCONINO COUNTY ATTORNEY
110 E. CHERRY AVENUE
FLAGSTAFF, ARIZONA 86001-4627
(928) 679-8200