**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Democratic Party, et al., | No. CV-20-01143-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

At issue is the State's motion to stay the Court's September 10, 2020 injunction pending appeal. (Doc. 119.) Intervenor-Defendants the Republican National Committee, the Arizona Republican Party, and Donald J. Trump for President, Inc. support a stay. (Doc. 122.) No named Defendant has joined the State's request, and Plaintiffs oppose it. (Doc. 123.) The parties are familiar with the facts, which are detailed in the Court's September 10 order (Doc. 114) and will not be repeated here. When deciding whether to stay an order pending appeal, the Court considers whether (1) the movant is likely to succeed on the merits of the appeal; (2) the movant will be irreparably harmed absent a stay; (3) the stay will injure other parties interested in the proceeding; and (4) a stay would serve the public interest. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006-07 (9th Cir. 2020). These factors are balanced on a sliding-scale, whereby a weaker showing on the merits may be offset by a stronger showing of harm. *Id.* at 1007. Here, these factors do not support a stay.

Though the Court rejected the State's arguments when it ruled in Plaintiffs' favor, the issues in this case—particularly those of standing, application of *Anderson/Burdick* to minimally burdensome election deadlines, and the applicability of ordinary procedural due process principles to election regulation challenges—are difficult and fairly contestable. But the State has not shown that it will be irreparably harmed if the Court's injunction is not stayed pending appeal. The Court's injunction will not impose meaningful administrative burdens on election officials or sow disorder.[1] Although a state "suffers a form of irreparable injury" whenever it is enjoined from implementing its laws, *Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers), that injury alone does not support a stay when balanced against the harms a stay would impose on others. Specifically, the Court's injunction likely will result in more eligible voters having their ballots counted. A stay of that injunction pending appeal likely will have the opposite effect; some voters who would have cured a missing signature had they been provided a post-election opportunity to do so will have their ballots discarded. This harm outweighs any marginal administrative burden the Court's injunction might impose on election officials, as well as any abstract harm to the State's interest in enforcing its laws. Nor would a stay serve the public interest where, as here, the injunction is welcomed by the State's chief election officer, and when the changes would better achieve the orderly administration of elections, likely result in more eligible voters having their ballots counted, not meaningfully burden election officials, and replace arbitrary differential treatment with uniformity. Accordingly,

//

//

//

---

[1] In its reply brief, the State argues that, without a stay, "[c]ounty recorders will need to hurriedly create and implement post-election procedures for curing unsigned ballots." (Doc. 124 at 6.) But counties already are required by law to have and implement procedures for curing such ballots. The Court has not ordered counties to create new procedures. It has ordered them to continue implementing their existing procedures for a bit longer.

1 **IT IS ORDERED** that the State's motion for a stay pending appeal (Doc. 119) is **DENIED**.

Dated this 18th day of September, 2020.

Douglas L. Rayes
United States District Judge